UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HUFFMAN,

             Plaintiff,

v.

WAYNE COUNTY SHERIFF'S OFFICE,
a Municipal Corporation, COUNTY OF WAYNE,
a Municipal Corporation, JOHN DOES,
Individually and Jointly,

             Defendants.

Case No.:
Hon.

---

A. VINCE COLELLA (P49747)
ELENA T. KAATZ (P85501)
**MOSS & COLELLA, P.C.**
Attorneys for Plaintiff
28411 Northwestern Hwy, Ste 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

---

## <u>COMPLAINTAND DEMAND FOR JURY TRIAL</u>

There is no other pending or resolved
civil action arising out of the same transaction
or occurrence as alleged in the complaint.

  /s/ A. Vince Colella
         A. Vince Colella (P49747)

NOW COMES the Plaintiff, WILLIAM HUFFMAN, by and through his

attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and for his

Complaint and Demand for Jury Trial against the above-named Defendants,

states as follows:

1

## **PARTIES, JURISDCITION, AND VENUE**

1.      Plaintiff, WILLIAM HUFFMAN (hereinafter "HUFFMAN"), is a resident of the City of Detroit, County of Wayne, State of Michigan, and at all times relevant to this Complaint, was previously incarcerated and under the custody and control of the State of Michigan, City of Detroit, County of Wayne, Wayne County Sherriff's Department.

2.      Defendant, WAYNE COUNTY SHERIFF'S OFFICE (hereinafter "WCSO"), is a constitutionally mandated office with the COUNTY OF WAYNE charged with operating the Correctional Services Division, including the Wayne County Jail (hereinafter "Jail") and charged with the supervision, including hiring, firing and/or disciplinary actions, of all officers, agents, and other members of the WCSO, employed and otherwise entrusted with positions and responsibilities in the Jail.

3.      Defendant, COUNTY OF WAYNE, is a Municipal Corporation with oversight responsibility to the WCSO and charged with the supervision, including hiring, firing and/or disciplinary actions, of all officers, agents, and other members of the WCSO, employed and otherwise entrusted with positions and responsibilities in the Jail.

4.      Defendants JOHN DOES (hereinafter "DEPUTY DEFENDANTS") were at all times relevant to this Complaint deputies of the Defendant WCSO and employees of the Defendant COUNTY OF WAYNE acting under color of law,

and were inmate detention officers in charge of the safekeeping, classification, housing and security of its inmates, including Plaintiff HUFFMAN, who was in the custody of the Jail and/or WCSO; and, as inmate detention officers, had a duty to provide for the care, safety, welfare and reasonable accommodation of the persons, including Plaintiff HUFFMAN, in the custody and care of the Jail and/or WCSO.

5.      Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

6.      Venue is proper under 28 U.S.C. § 1391(b)(1) and/or (2).

7.      The amount in controversy satisfies the jurisdictional limits of this Court as damages in this matter exceed seventy-five thousand dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## **INTRODUCTION**

8.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint, as though fully set forth herein.

9.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against the above-named Defendants, in their individual capacities and/or as the entities in charge of running the institution wherein the events giving rise to these causes of action occurred, and/or based on the above-named Defendants being in charge of supervising the employees,

agents, officers, and all others entrusted with positions and responsibilities of the Defendants.

10.     On or about September 2, 2023, Plaintiff HUFFMAN was left to fend for himself during a brutal attack by two inmates whose identities remain unknown ("John Doe Inmates 1 and 2"), while housed on the 11th floor of the Wayne County Jail.

11.     Bloodied and in excruciating pain following the attack, HUFFMAN limped to the control tower where, upon information and belief, DEPUTY DEFENDANTS were located and desperately banged on the glass doors of the tower for assistance. DEPUTY DEFENDANTS ignored his pleas for help.

12.     DEPUTY DEFENDANTS not only failed to intervene and protect HUFFMAN'S safety, but also subsequently denied him necessary medical care for such a prolonged period that his wound developed an infection so deep that it reached his bone.

13.     Upon information and belief, John Doe Inmate 1 was commonly known to be a "friend" of the guards, frequently receiving special treatment, access to the guard's booth, and contraband from various guards.[1]

14.     Notwithstanding the alleged special relationship between John Doe Inmate 1 and the DEPUTY DEFENDANTS, or any influence it may have had on DEPUTY DEFENDANTS' lacking response to the attack upon Plaintiff, one

---

[1] Upon information and belief, John Doe 1 Inmate may have been acting as a "confidential informant" for the WCSO.

thing is clear – the DEPUTY DEFENDANTS failed to carry out their duty of protecting inmate safety and mitigating violent attacks between inmates.

## FACTS

15.    On or about July 12, 2023, Plaintiff HUFFMAN was arrested by Redford Township law enforcement on charges related to firearm possession.

16.    Plaintiff HUFFMAN was transferred to the custody of the Defendant WCSO in a facility operated by the COUNTY OF WAYNE, said facilities being otherwise known as the Wayne County Jail.

17.    On or about September 2, 2023, Plaintiff HUFFMAN was lured into a cell and brutally attacked by John Doe Inmate 1 and John Doe Inmate 2.

18.    Plaintiff HUFFMAN endured the attack for a prolonged period of time up to one hour, during which time he was restrained on the ground in a headlock by John Doe Inmate 1, while John Doe Inmate 2 violently punched and kicked him.

19.    Barely conscious, and in excruciating pain, Plaintiff HUFFMAN crawled/hobbled to the glass doors of the control center and began banging on the doors to attract the attention of DEPUTY DEFENDANTS.

20.    His calls of desperation went unacknowledged by DEPUTY DEFENDANTS, whereupon John Doe Inmates 1 and 2 proceeded to drag HUFFMAN by his feet to a table in the common area and assault him for a second time.

21.   The DEPUTY DEFENDANTS were aware of the objectively serious nature of these assaults. Nonetheless, they ignored the risk of harm to Plaintiff HUFFMAN's safety.

22.   Despite having knowledge of the assault, Plaintiff HUFFMAN was left unattended for an unreasonably lengthy period of time before DEPUTY DEFENDANTS contacted Emergency Medical Services (hereinafter "EMS") to provide medical care for the serious injuries suffered by Plaintiff HUFFMAN.

23.   Detroit EMS placed Plaintiff on a stretcher and transported him to the Detroit Receiving Hospital Emergency Room, where he was admitted overnight for emergency medical treatment.

24.   Plaintiff HUFFMAN was discharged on September 3, 2023, following the stabilization of his condition, and ordered to follow up within seven days for surgical evaluation.

25.   Subsequently, upon information and belief, DEPUTY DEFENDANTS refused to allow Plaintiff HUFFMAN to attend his ordered follow-up visit with the orthopedic surgeon and continued to deny medical treatment for almost two weeks despite their knowledge of his worsening condition.

26.   On September 15, 2023, DEPUTY DEFENDANTS permitted Plaintiff HUFFMAN to return to the Detroit Receiving Hospital after nearly two

weeks of reports of serious symptoms and complaints of pain, including, swelling and obvious purulent drainage from his wound.

27.    The DEPUTY DEFENDANTS' decision to delay and/or refuse medical intervention exacerbated HUFFMAN's injuries from the assault so severely that he required inpatient hospitalization and treatment for osteomyelitis ("infection of the bone.")

28.    It is well established that deputies employed by the WCSO are required to take reasonable measures to address medical risks and provide medical care, transportation and/or hospitalization. Despite the significant medical issues experienced by HUFFMAN, which, upon information and belief, were known by the DEPUTY DEFENDANTS, the DEPUTY DEFENDANTS were deliberately indifferent and ignored and/or delayed medical treatment to Plaintiff HUFFMAN in the face of clear signs of injury.

29.    Further, upon information and belief, DEFENDANT WCSO made staffing decisions to reduce by 40% (from 5 to 3) the number of guards on each floor of the Jail, including the floor on which Plaintiff HUFFMAN and John Doe Inmates 1 and 2 were housed.

30.    The insufficient number of assigned correctional staff on the day of the assault, and the inadequate response by the DEPUTY DEFENDANTS who were present, directly contributed to the violent attack on Plaintiff HUFFMAN,

and the DEPUTY DEFENDANTS' failure to ensure the safety and well-being of those in their custody.

31.   As a result of the brutal assault on September 2, 2023, Plaintiff HUFFMAN, experienced injuries to his right ring finger, resulting in infection, osteomyelitis, cellulitis, and disability; abdominal injury; nondisplaced rib fractures and injuries to his neck and back.

32.   The DEPUTY DEFENDANTS were the exclusive custodians of Plaintiff HUFFMAN following his transfer into their custody and were charged with the responsibility of monitoring HUFFMAN and those around him to ensure that HUFFMAN's health, safety, and welfare would not be placed in jeopardy while he was in the custody of the DEPUTY DEFENDANTS.

33.   Despite DEPUTY DEFENDANTS' custodial duties to protect Plaintiff HUFFMAN's health, safety and well-being, in light of the violent attack by John Doe Inmates 1 and 2, they remained deliberately indifferent and failed to intervene in a timely manner and take appropriate steps to mitigate further harm.

34.   As a result of the willful and wanton, grossly negligent, reckless, and otherwise deliberately indifferent conduct of DEPUTY DEFENDANTS, Plaintiff HUFFMAN was brutally attacked and beaten, resulting in the injuries set forth above.

35.     As a direct and proximate result of the willful and wanton, grossly negligent, reckless, and otherwise deliberately indifferent conduct of the DEPUTY DEFENDANTS, Plaintiff HUFFMAN suffered the following:

    a.  Violation of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of the person;

    b.  Physical pain and suffering;

    c.  Severe emotional trauma, fright and shock;

    d.  Medical care, recovery and rehabilitation expenses; and

    e.  Other damages identified during the course of discovery.

36.     The actions of the DEPUTY DEFENDANTS violated the following clearly established and well-settled constitutional rights of Plaintiff HUFFMAN:

    a.  Freedom from unreasonable seizure of the person;

    b.  Freedom from violence at the hands of other inmates, with respect to which Defendants failed to take reasonable measures to guarantee the safety of Plaintiff HUFFMAN and instead placed Plaintiff HUFFMAN in conditions posing a substantial risk of serious harm and with deliberate indifference to the health and safety of the Plaintiff HUFFMAN;

    c.  Freedom from willful and wanton neglect while in the custody and custodial care of the Defendants;

    d.  Freedom from grossly negligent treatment and handling while in the custody and custodial care of the Defendants;

    e.  Freedom from gross, reckless, and otherwise deliberate indifference to his life, health, and well-being.

**COUNT I**
**DEPRIVATION OF CIVIL RIGHTS**
**IN VIOLATION OF THE UNITED STATES CONSTITUTION**
**AGAINST DEFENDANTS WAYNE COUNTY SHERIFF'S OFFICE AND**
**THE COUNTY OF WAYNE**

37.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint, as though fully set forth herein.

38.    As a result of their unlawful, malicious, reckless, and/or deliberately indifferent acts and/or omissions, Defendants WAYNE COUNTY SHERIFF'S OFFICE and the COUNTY OF WAYNE, individually, and in concert, acted under color of law, but contrary to law, and did deprive Plaintiff HUFFMAN of the rights, privileges, or immunities secured under the United States Constitution, to wit: Plaintiff HUFFMAN's right to be free from an unreasonable seizure of his person; Plaintiff HUFFMAN's right not to be deprived of life, health, and physical and emotional well-being; Plaintiff HUFFMAN's right to be free from violence at the hands of other prisoners; and other rights as guaranteed by Amendments IV and XIV of the United States Constitution.

39.    Defendants WCSO and COUNTY OF WAYNE knew and/or should have known that they had a legal obligation to protect Plaintiff HUFFMAN from assault, attack, or other physical injury and knew and/or should have known that their actions and omissions created a substantial risk of serious physical injury to Plaintiff HUFFMAN. With deliberate indifference to Plaintiff HUFFMAN's personal safety and right to be free from violence at the hands of other prisoners,

Defendants failed to protect Plaintiff HUFFMAN from substantial risk of serious harm while in the custodial care of the Defendants, in violation of Plaintiff HUFFMAN's rights under the United States Constitution and 42 U.S.C. §§ 1983, 1985 and 1986.

40.     The deprivation of Plaintiff HUFFMAN's rights constituted a risk of harm so grave that it violated contemporary standards of decency.

41.     Defendants WCSO and COUNTY OF WAYNE acted in derogation of the constitutional rights of Plaintiff HUFFMAN, including the right to be free from violence at the hands of other inmates, as evidenced by their deliberate indifference, willful and wanton neglect, gross negligence, and deliberate abandonment of the rights of persons whom the Defendants put into custody or detention and Plaintiff HUFFMAN in particular.  The Defendants knew or should have known that their procedures and policies, customs and practices which are enumerated herein and as follows were wholly defective:

    a.  Having a policy or practice of not monitoring or of inadequately monitoring detainees and therefore allowing other persons in the custodial care of the Defendants to unnecessarily suffer violence at the hands of other inmates and impairment of physical health to the point that personal injuries are inflicted;

    b.  Fostering a custom or culture of indifference by staff of the WCSO, who routinely ignore, deny or delay necessary medical intervention for detainees within the Jail who request medical care for injuries that are visible and urgent;

    c.  Fostering a custom, outside of the written policy, to fail to protect those in the custodial trust of the Defendants;

11

d. Having a policy or practice of not sequestering or otherwise separating from the general prison population detainees who engage in dangerous violent conduct and therefore allowing other persons in the custodial care of the Defendants to unnecessarily suffer violence at the hands of other inmates and impairment of physical health to the point that personal injuries are inflicted;

e. Failing to properly train regarding the necessity of screening, secluding and/or separating persons with known dangerous violent propensities, severe medical and/or mental conditions from others in the custodial care of the Defendants, and/or from otherwise making proper notation, inquiry and appropriate notification to the proper persons regarding necessary medical care, attention, seclusion and/or separation required by those in custody in order to avoid causing harm to others in the custodial care of the Defendants, including violence at the hands of other inmates;

f. Failing to supervise civilians working with, and sworn members of, the WCSO who are the custodians of detainees and decision-makers with respect to appropriate screening and placement of detainees within the Jail, to ensure they provide adequate, necessary and required custodial safety measures, and do not allow detainees to suffer impairment of physical health to the point of suffering personal injuries as a consequence, including violence at the hands of other inmates; and

g. Failing to discipline and/or otherwise take appropriate action concerning civilians working with, and sworn members of, the WCSO, who are the custodians of detainees and decision-makers for proper placement of detainees within the Jail, and who neglect those in their custody by failing to properly monitor detainees, failing to provide adequate, necessary and required custodial safety measures, and allowing detainees to suffer impairment of physical health to the point of suffering personal injuries as a consequence, including violence at the hands of other inmates.

42. These policies, customs and practices were carried out with deliberate indifference, willful and wanton disregard and with gross

negligence, and were the direct and deliberate cause of the constitutional

deprivations of the Plaintiff HUFFMAN of his rights to liberty, due process,

to be free from gross, reckless, and otherwise negligent endangerment of

life, health, and physical well-being, and right to fair and just treatment.

**COUNT II**
**FEDERAL STATUTORY AND UNITED STATES CONSTITUTIONAL**
**VIOLATIONS**
**AGAINST THE INDIVIDUAL JOHN DOE DEFENDANTS**
**(DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AND**
**INMATE SAFETY)**

43.     Plaintiff re-alleges and incorporates by reference all of the preceding

paragraphs of this Complaint, as though fully set forth herein.

44.     At all relevant times, DEPUTY DEFENDANTS were acting under

the color of state law and were employed as correctional officers or supervisory

personnel at Wayne County Jail.

45.     Plaintiff HUFFMAN had a clearly established constitutional right to

be free from cruel and unusual punishment, including the right to be protected

from known risks of violence by other inmates and to receive prompt and

adequate medical care.

46.     DEPUTY DEFENDANTS were aware of a substantial and specific

risk of harm to Plaintiff HUFFMAN, including but not limited to: an ongoing

physical attack by another inmate, HUFFMAN's visible and serious injuries

sustained during the attack, repeated verbal requests from HUFFMAN for

medical attention.

47.     Despite having actual knowledge of these risks, DEPUTY DEFENDANTS failed to take reasonable steps to intervene, stop the attack, secure HUFFMAN's safety, or provide timely medical treatment.

48.     DEPUTY DEFENDANTS' acts constituted deliberate indifference to HUFFMAN's serious medical needs and to the substantial risk of harm posed by other inmates.

49.     Plaintiff HUFFMAN claims damages for conscious pain and suffering, physical injuries, and all other damages alleged herein, under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution as well as any other analogous provisions of the United States Constitution, against all individual DEPUTY DEFENDANTS for violation of Plaintiff HUFFMAN's constitutional rights under color of law.

**COUNT III**
**CLAIM FOR REASONABLE COSTS, DISBURSEMENTS**
**AND ATTORNEY FEES IN BRINGING ACTIONS UNDER 42 U.S.C. §§**
**1983, 1985, 1986 PURSUANT TO 42 U.S.C. § 1988**
**AS TO ALL DEFENDANTS**

50.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

51.     Defendants caused actual deprivation of Plaintiff HUFFMAN's civil rights under color of law in violation of the applicable sections cited herein.

52.     As a direct and proximate result of said actions, Plaintiff HUFFMAN is forced to bring suit against Defendants under the applicable statutes cited herein.

53.     Plaintiff, therefore, is entitled under 42 U.S.C. § 1988, and other applicable sections, to recover reasonable costs, disbursements, and attorney fees on the Claims for Relief.

### COUNT IV
### *MONELL* LIABILITY CLAIM
### AGAINST DEFENDANT COUNTY OF WAYNE

54.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

55.     At all relevant times, Defendant COUNTY OF WAYNE, through its agency the WCSO, maintained numerous unconstitutional customs, policies, and practices that were the moving force behind the constitutional violations suffered by Plaintiff HUFFMAN.

56.     Defendant COUNTY OF WAYNE has developed and maintained longstanding, systemic deficiencies in the following areas:

    a. A policy, practice, or custom of inadequately responding to detainees' substantial, visible and urgent injuries and failing to provide medical invention;

    b. A policy, practice, or custom of inadequately staffing detention facilities, including deliberately reducing staffing levels by 40% (from 5 to 3 guards per floor), creating an environment where proper supervision of inmates, particularly those with known mental health issues, is impossible;

c.  A policy, practice, or custom of failing to properly train corrections officers regarding the supervision and monitoring of inmates who engage in violence;

d.  A policy, practice, or custom of deliberate indifference to the substantial risk of inmate-on-inmate violence;

e.  A policy, practice, or custom of failing to respond to and properly investigate incidents of violence among inmates;

f.  A policy, practice, or custom of failing to discipline staff members who neglect their duties to protect inmates from foreseeable harm.

g.  A policy, practice or custom of using jail informants without adequate protection for other inmates;

h.  A policy, practice or custom of failing to properly train or supervise jail staff regarding the proper handling of informants and the protection for other inmates; and

i.  A policy, practice or custom of permitting similar constitutional violations involving informants, without recourse, demonstrating deliberate indifference to inmates' rights.

57.    Defendant COUNTY OF WAYNE had actual or constructive knowledge of these policies, customs, and practices through the actions of its policymakers, who were deliberately indifferent to the constitutional rights of inmates, including Plaintiff HUFFMAN.

58.    Defendant COUNTY OF WAYNE's policymakers knew that reducing staff and failing to train the remaining officers on proper supervision created a substantial risk of serious harm to other inmates, including Plaintiff HUFFMAN, yet they failed to take reasonable measures to mitigate this risk.

59.    As a direct and proximate result of Defendant COUNTY OF WAYNE's unconstitutional policies, practices, and customs, Plaintiff HUFFMAN suffered severe physical injuries, including injuries to his right ring finger resulting in infection, osteomyelitis, cellulitis, and disability; abdominal injury; nondisplaced rib fractures; injuries to his neck and back; and severe emotional trauma, pain, and suffering.

60.    Plaintiff HUFFMAN's injuries were the foreseeable and typical result of Defendant COUNTY OF WAYNE's unconstitutional policies, practices, and customs.

61.    The individual actors who directly harmed Plaintiff HUFFMAN did so while acting pursuant to and in accordance with the customs, policies, and practices of Defendant COUNTY OF WAYNE.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff WILLIAM HUFFMAN respectfully requests that this Honorable Court grant him the following relief:

A.    Award compensatory damages in excess of Seventy-Five Thousand ($75,000.00) Dollars;

B.    Award punitive and/or exemplary damages;

C.    Award actual costs, interest, and attorney fees;

D.    Grant such other and further relief consistent with law and which this Honorable Court deems just and proper under the exercise of its discretion.

Respectfully submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248)-945-0100
DATED: May 19, 2025          vcolella@mosscolella.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HUFFMAN,

                                Case No.:

          Plaintiff,             Hon.

v.

WAYNE COUNTY SHERIFF'S OFFICE,
a Municipal Corporation, COUNTY OF WAYNE,
a Municipal Corporation, JOHN DOES,
Individually and Jointly,

               Defendants.

A. VINCE COLELLA (P49747)
ELENA T. KAATZ (P85501)
**MOSS & COLELLA, P.C.**
Attorneys for Plaintiff
28411 Northwestern Hwy, Ste 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

## **DEMAND FOR JURY TRIAL**

      NOW COMES Plaintiff, WILLIAM HUFFMAN, by and through his

attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and hereby

requests a trial by jury of the within cause.

                        Respectfully submitted,
                        MOSS & COLELLA, P.C.

                        BY:  /s/ A. Vince Colella
                        A. VINCE COLELLA (P49747)
                        Attorney for Plaintiff
                        28411 Northwestern Hwy, Suite 1150
                        Southfield, MI 48034
                        (248)-945-0100
DATED: May 19, 2025        vcolella@mosscolella.com